```
 1  VARAND VARTANIAN (Bar No. 265912)
    Email Address: vvartanian@deconsel.com
 2  JODI SIEGNER (Bar No. 102884)
    Email Address: jsiegner@deconsel.com
 3  DeCARLO & SHANLEY,
    a Professional Corporation
 4  533 S. Fremont Avenue, Ninth Floor
    Los Angeles, California  90071-1706
 5  Telephone (213) 488-4100
    Facsimile (213) 488-4180
 6
    ATTORNEYS FOR PLAINTIFFS, CARPENTERS SOUTHWEST
 7  ADMINISTRATIVE CORPORATION and BOARD OF TRUSTEES
    FOR THE CARPENTERS SOUTHWEST TRUSTS
 8
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS, <br><br>Plaintiffs, <br><br>v. <br><br>DISPLAY TECHNOLOGIES , LLC, a Florida Limited Liability Company; FRANK CHRISTOPHER LASLEY, an individual; MICHAEL SCOTT LASLEY, an individual; BRIAN VINCENT LASLEY, an individual; and DOES 1 through 10, inclusive, <br><br>Defendants. | CASE NO. <br><br>COMPLAINT FOR: <br><br>1. DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS - DISPLAY TECHNOLOGIES, LLC.; <br><br>2. DEFALCATION OF FIDUCIARY BY THE MISAPPROPRIATION OF VACATION AND ANNUITY FUNDS HELD IN FIDUCIARY CAPACITY - FRANK CHRISTOPHER LASLEY, an individual; MICHAEL SCOTT LASLEY, an individual; BRIAN VINCENT LASLEY, an individual <br><br>3. INJUNCTIVE RELIEF - DISPLAY TECHNOLOGIES, LLC; <br><br>4. SPECIFIC PERFORMANCE TO CONDUCT AN AUDIT - DISPLAY TECHNOLOGIES , LLC |
|---|---|

## JURISDICTION

1.  This is a civil action to recover fringe benefit contributions, for defalcation of fiduciary, injunctive relief to compel proper reporting and payment of contributions owed, and specific performance to conduct an audit. This action arises and jurisdiction of the court is founded as to Claims One, Two, Three and

Four on section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185a, and sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132 and 1145.

## OPERATIVE ALLEGATIONS; PARTIES AND OTHERS

2. CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation ("CSAC") is a non-profit corporation duly organized and existing under and by virtue of the laws of the State of California. CSAC's principal place of business is in the County of Los Angeles, State of California.

3. At all relevant times herein, the BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS were and now are fiduciaries and are duly authorized and acting trustees of those ERISA Trust Funds defined in paragraph six.

4. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are also authorized agents to act on behalf of the remaining Funds and entities (defined in paragraph nine) with respect to these delinquencies. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are sometimes collectively referred to as PLAINTIFFS.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unknown to PLAINTIFFS, who therefore sue the defendants by such fictitious names, and PLAINTIFFS will amend this complaint to show their true names and capacities when they have been ascertained.

6. At all relevant times Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186, and multiemployer plans

within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

7. At all relevant times the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, and the Contract Administration Trust for Carpenter-Management Relations, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186.

8. At all relevant times the Carpenters-Contractors Cooperation Committee ("CCCC"), was and is a non-profit California corporation which exists pursuant to section 5(b) of the Labor Management Cooperation Act of 1978, 92 Stat. 2020 (1978), for the purposes set forth in section 302(c)(9) of LMRA, 29 U.S.C. § 186(c)(9).

9. CSAC is the administrator of Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, and assignee of the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, the Contract Administration Trust for Carpenter-Management Relations, and the Carpenters-Contractors Cooperation Committee (collectively, the "PLANS"), and as such is a plan fiduciary within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

10. The duly authorized and acting trustees or directors of each of the PLANS have also assigned to CSAC all their right, title and interest in and to any and all amounts due and owing to the respective PLANS by the employer as herein alleged.

11. Southwest Regional Council of Carpenters and its affiliated local unions ("UNIONS") affiliated with United Brotherhood of Carpenters and Joiners of America, are labor organizations that are a party to the collective bargaining agreements involved.

12. At all relevant times employer, DISPLAY TECHNOLOGIES, LLC, a Florida Limited Liability Company, and DOES 1 through 5 ("EMPLOYER"), was and is a Limited Liability Company also registered to do business in Nevada as a Limited Liability Company. At all relevant times, EMPLOYER operated and continues to operate as a contractor engaged in the construction industry within the jurisdiction of the relevant UNIONS.

13. At all relevant times, the following individuals are listed with the Florida Secretary of State as members of EMPLOYER: FRANK CHRISTOPHER LASLEY, an individual, as Member; MICHAEL SCOTT LASLEY, an individual, as Member; BRIAN VINCENT LASLEY, an individual, as Member; and DOES 6 through 10 ("INDIVIDUALS"). INDIVIDUALS are also listed with the Nevada Secretary of State as Officers of EMPLOYER.

## FIRST CLAIM FOR RELIEF

## DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS (As Against DISPLAY TECHNOLOGIES , LLC, a Florida Limited Liability Company; and DOES 1 THROUGH 5)

14. On or about the date set forth thereon, EMPLOYER made, executed and delivered to the UNION, a TRADE SHOW PRIMARY LABOR AGREEMENT dated December 26, 2012 ("LABOR AGREEMENT"). A true and correct copy is attached hereto, marked respectively as Exhibit "1" and incorporated herein by reference.

15. The LABOR AGREEMENT binds EMPLOYER to PLAINTIFFS' PLANS and any amendments of PLAINTIFFS PLANS (collectively referred to as "AGREEMENTS"). The PLANS are third party beneficiaries of the LABOR AGREEMENT.

16. The AGREEMENTS require EMPLOYER to pay fringe benefit contributions at the rates set forth therein for every hour worked by employees performing services covered by the AGREEMENTS, and on account of all

compensation paid to employees performing services covered by the AGREEMENTS.

17. The AGREEMENTS require EMPLOYER to make the fringe benefit contributions by way of Employers Monthly Reports ("REPORTS") to the PLANS at their place of business in Los Angeles, California, on or before the 25th day of each month following the month during which the hours for which contributions are due were worked or paid. Further, the AGREEMENTS specifically provide that the venue of an action to recover delinquent fringe benefit contributions shall be in the County of Los Angeles.

18. In acknowledging both that the regular and prompt payment of employer contributions is essential to the maintenance of the PLANS, and the extreme difficulty, if not impracticability, of fixing the actual expense and damage to the PLANS when such monthly contributions are not paid when due, the AGREEMENTS provide that the amount of contractual damages to the PLANS resulting from a failure to pay contributions when due shall be presumed to be the sum of $30.00 per delinquency or 10 percent of the amount of the contributions due, whichever is greater. This amount shall become due and payable to the CSAC as liquidated damages in addition to the unpaid contributions or contributions paid late.

19. EMPLOYER engaged workers who performed services covered by the AGREEMENTS and who performed labor on works of construction within the jurisdiction of the AGREEMENTS undertaken by EMPLOYER during the term of the AGREEMENTS.

20. EMPLOYER has failed to pay the fringe benefit contributions in the manner prescribed by the AGREEMENTS, and there is now due and owing the PLANS from EMPLOYER the amounts set forth in Exhibit "2".

21. The AGREEMENTS require EMPLOYER to pay for the expense of auditing EMPLOYER business records if an audit by the PLANS indicates that

EMPLOYER failed to report and pay all contributions.

22. As a result of the failure to pay fringe benefit contributions in the manner prescribed by the AGREEMENTS, EMPLOYER is liable for interest on the unpaid contributions from the first of the month following the date due, at the rate prescribed by the AGREEMENTS.

23. As a result of the failure to pay fringe benefit contributions in the manner prescribed by the AGREEMENTS, EMPLOYER is liable for an amount equal to the greater of interest on the unpaid contributions as prescribed by section 6621 of the Internal Revenue Code of 1954, 26 U.S.C. §6621, or liquidated damages provided for under the AGREEMENTS.

24. It has been necessary for PLAINTIFFS to engage counsel to bring this action to recover the delinquent fringe benefit contributions. Pursuant to the AGREEMENTS and section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), EMPLOYER is liable for reasonable attorneys' fees incurred in litigating this matter.

25. The PLANS have complied with all conditions precedent.

26. CSAC has, concurrently with the filing of this complaint, served a copy of same upon the Secretary of Labor and Secretary of the Treasury.

## SECOND CLAIM FOR RELIEF
## DEFALCATION OF FIDUCIARY BY THE MISAPPROPRIATION OF VACATION FUNDS HELD IN FIDUCIARY CAPACITY
**(As Against FRANK CHRISTOPHER LASLEY, an individual; MICHAEL SCOTT LASLEY, an individual; BRIAN VINCENT LASLEY, an individual; and DOES 6 THROUGH 10)**

27. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 26 of their First Claim for Relief and allege a Second Claim for Relief against FRANK CHRISTOPHER LASLEY, an individual; MICHAEL SCOTT LASLEY, an individual; BRIAN VINCENT

LASLEY, an individual; and DOES 6 through 10 ("INDIVIDUALS") for Defalcation of Fiduciary by the Misappropriation of Vacation and Annuity Funds Held in Fiduciary Capacity, as follows:

28. The Vacation Plan (which includes the supplemental dues) was created by a collective bargaining agreement which consists of Trust Agreements and a Master Labor Agreement (collectively, "AGREEMENTS"), between the United General Contractors of California, Inc., the Building Industry Association of Southern California, Inc., the Engineering Contractors' Association, Inc., and the Southern California Contractors Association, Inc., on behalf of their respective eligible members, and the district councils affiliated with the United Brotherhood of Carpenters and Joiners of America ("UNIONS").

29. The AGREEMENTS obligate EMPLOYER to include the amounts to be paid to the Vacation Plan in the individual employees taxable income and to submit the amount so deducted monthly to the Vacation Plan.

30. PLAINTIFFS are informed and believe and, based on such information and belief, allege that during the period of January 1 through 31, 2014, and November 1, 2014 through April 30, 2014, INDIVIDUALS withheld funds from EMPLOYER'S employees. INDIVIDUALS failed to properly forward the withheld funds to the Vacation Plan, in an amount to be proven at trial. By acting in this manner INDIVIDUALS exercised discretionary authority or control over the assets of the Vacation Plan and were thus a fiduciary.

31. PLAINTIFFS are informed and believe and based on such information and belief, allege that EMPLOYER was, and still is, justly and truly indebted to said Vacation Plan (as to contributions, only) in an amount as set forth in Exhibit "3."

32. In assuming the obligations to ascertain and report contributions to the Vacation Plan, INDIVIDUALS entered into a fiduciary relationship with the Vacation Plan, and were thereby obligated to pay the Vacation plan all monies

withheld from the employees wages.

33. PLAINTIFFS are informed and believe and, based on such information and belief, allege that by failing to segregate trust property, by misappropriating or failing to account for trust property and by failing to timely tender funds withheld from employees to the Vacation Plan, INDIVIDUALS breached their fiduciary obligation and thus engaged in defalcation.

34. At all times material herein, INDIVIDUALS were and are fiduciaries with respect to the PLANS within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), because he exercised discretionary authority or control respecting management of disposition of assets of the PLANS.

35. By engaging in the acts and omissions described herein, INDIVIDUALS caused assets of the PLANS to inure to the benefit of an employer, namely EMPLOYER, and not to the benefit of participants in the PLANS and their beneficiaries and not for defraying reasonable expenses of the PLANS, these actions were in violation of Section 403(c)(1) of ERISA, 29 U.S.C. §1103(c)(1).

36. PLAINTIFFS repeat the allegations of 29 through 36 with respect to the Annuity Fund. The amounts claimed owed to the Annuity Fund by Individual are also set forth in Exhibit "3."

### THIRD CLAIM FOR RELIEF
### INJUNCTIVE RELIEF
### (As Against DISPLAY TECHNOLOGIES , LLC, a Florida Limited Liability Company; and DOES 1 THROUGH 5)

37. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 36 of their First and Second Claims for Relief and allege for a Third Claim for Relief as to EMPLOYER for injunctive relief, as follows:

38. ERISA section 502(a) provides in part: "A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice

which violates any provision of this title or the terms of the plan. . . ."

39. Additionally, section 515 of ERISA (29 U.S.C. § 1145), as amended provides "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

40. EMPLOYER has failed to submit REPORTS and/or remit full contributions to the PLANS for the period of January 1, 2014 through the present, and may fail to furnish REPORTS or remit contributions to the PLANS for subsequent months.

41. As a result of EMPLOYER'S failure to submit reports and/or pay contributions on the dates on which its contributions were due, EMPLOYER may have become indebted to the PLANS for contributions, liquidated damages, and interest.

42. PLAINTIFFS timely notified EMPLOYER by letter of each delinquency and of the assessment of each delinquency, and repeatedly demanded payment of the delinquencies. To date, EMPLOYER has failed to pay the delinquencies owed to the PLANS.

43. EMPLOYER'S failure to promptly pay its delinquencies to the PLANS on the dates on which such contributions were due is a violation of the AGREEMENTS.

44. EMPLOYER'S delinquencies to PLAINTIFFS have occurred from January 1, 2014 and are continuing.

45. EMPLOYER will continue to refuse to submit reports and/or fail to pay contributions to the PLANS and thereby create future unpaid delinquencies during the remaining terms of the AGREEMENTS. Unless EMPLOYER is enjoined from failing to make its contributions and restrained from incurring delinquencies, the

PLANS will suffer irreparable injury for which there is no adequate remedy at law since, among other things, the PLANS will be required to bring a multiplicity of actions at law to recover the missing reports and/or the delinquencies as they occur, to the PLANS' great expense and hardship. Further, unless EMPLOYER is so enjoined, based on experiences with other similarly situated employers, the PLANS have little prospect of ever collecting on the additional delinquencies incurred as such employers frequently petition for bankruptcy, dissolve or otherwise cease doing business as a result of the financial difficulties involved in their delinquencies, and the PLANS are unable thereafter to collect delinquencies thus owing.

## FOURTH CLAIM FOR RELIEF

## SPECIFIC PERFORMANCE TO CONDUCT AN AUDIT

### (As Against DISPLAY TECHNOLOGIES, LLC, a Florida Limited Liability Company; and DOES 1 THROUGH 5)

46. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 2 through 45 of their First, Second and Third Claims for Relief and allege for a Fourth Claim for Relief as to EMPLOYER for Specific Performance, as follows:

47. This action for specific performance arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947 (LMRA") (29 U.S.C. §185A) and section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C.A §1132).

48. The AGREEMENTS require EMPLOYER to permit the PLANS to audit and copy all EMPLOYER's records to determine whether the EMPLOYER has made the appropriate contributions to the PLANS.

49. The AGREEMENTS provide that the PLANS have the specific authority to examine EMPLOYER's job cost records, general check registers and check stubs, bank statements and canceled checks, general ledgers, cash disbursements

ledgers, worker compensation insurance reports, financial statements, corporate income tax returns, employee time cards, payroll journals, individual earnings records of all employees, forms W-2, 1099 and 1096 remitted to the U.S. Government, California quarterly state tax returns (DE-3's), health and welfare and pension reports for all other trades, cash receipts' journal, copies of all contracts and all material invoices.

50. The PLANS have required access to EMPLOYER's business records for the purpose of conducting an audit.

51. EMPLOYER has failed and/or refuses to allow the PLANS to complete such an audit.

WHEREFORE, PLAINTIFFS pray for judgment as follows:

### FOR PLAINTIFFS' FIRST CLAIM FOR RELIEF:
### DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS
### (As Against DISPLAY TECHNOLOGIES, LLC, a Florida Limited Liability Company; and DOES 1 THROUGH 5)

1. For unpaid contributions in the sum of $20,207.95;
2. For interest and liquidated damages, as provided in the AGREEMENTS;
3. For audit costs;
4. For a statutory amount equal to the greater of the interest on unpaid contributions which were owing as of the time of the filing of the complaint herein (at the rate prescribed by law), or liquidated damages as provided in the AGREEMENTS, in an amount to be determined.

### FOR PLAINTIFFS' SECOND CLAIM FOR RELIEF:
### DEFALCATION OF FIDUCIARY BY THE MISAPPROPRIATION OF VACATION FUNDS HELD IN FIDUCIARY CAPACITY
### (As Against FRANK CHRISTOPHER LASLEY, an individual; MICHAEL SCOTT LASLEY, an individual; BRIAN VINCENT LASLEY, an individual; and DOES 6 THROUGH 10)

1. That the court determine that INDIVIDUALS are liable for the funds withheld from employees for the Vacation Plan in the sum of $2,141.20; and

2. That the court determine the remaining issues and render judgment for PLAINTIFFS for the amount of debt, plus interest as proven at trial.

### FOR PLAINTIFFS' THIRD CLAIM FOR RELIEF:
### INJUNCTIVE RELIEF
### (As Against DISPLAY TECHNOLOGIES , LLC, a Florida Limited Liability Company; and DOES 1 THROUGH 5)

1. For issuance of both preliminary and permanent injunctions restraining and enjoining EMPLOYER, for so long as EMPLOYER remains bound to make any payments or contributions to the PLANS, from failing to deliver or cause to be delivered to PLAINTIFFS, no later than the 25th day of the month:

    a. A complete, truthful, and accurate Employer's Monthly Report to Trustees covering all employees of EMPLOYER employed during the previous month under the AGREEMENTS;

    b. A declaration from a responsible employee of EMPLOYER attesting from his or her personal knowledge under pain and penalties of perjury to the completeness, truthfulness, and accuracy for the Monthly Report; and

    c. Check for the full amount owing on the Monthly Report.

2. For payment of the Employers Monthly Reports to Trustees for the months of January 2, 2014 through the present, and so long as EMPLOYER remains bound to make any payments of contributions to the PLANS.

### FOR PLAINTIFFS' FOURTH CLAIM FOR RELIEF:
### SPECIFIC PERFORMANCE TO CONDUCT AN AUDIT
### (As Against DISPLAY TECHNOLOGIES, LLC, a Florida Limited Liability Company; and DOES 1 THROUGH 5)

1. That EMPLOYER be compelled to forthwith submit to completion of an

audit of EMPLOYER's business records covering the period from December 26, 2012 through the present by the PLANS' auditors at the premises of EMPLOYER during business hours, at a reasonable time or times, and to allow the auditors to examine and copy the following books, records, papers, documents and reports of EMPLOYER: all job cost records, general check register and check stubs, bank statements and canceled checks, general ledgers, worker compensation insurance reports, financial statements, cash disbursements ledgers, corporate income tax returns, employee time cards, payroll journals, individual earnings records of all employees, forms W-2, 1099 and 1096 remitted to the U.S. Government, California quarterly state tax returns (DE-3's), health and welfare and pension report for all other trades, cash receipts' journal, copies of all contracts, and all material invoices.

### AS TO ALL OF PLAINTIFFS' CLAIMS FOR RELIEF:

1. For reasonable attorneys' fees;
2. For costs of this action;
3. For further contributions according to proof; and
4. For such other and further relief as the court deems proper.

Dated: June 2nd, 2015

DeCARLO & SHANLEY,
a Professional Corporation

By:_____
VARAND VARTANIAN
Attorneys for Plaintiffs,
CARPENTERS SOUTHWEST
ADMINISTRATIVE CORPORATION
and BOARD OF TRUSTEES FOR THE
CARPENTERS SOUTHWEST TRUSTS